IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

---

JESSE SCHWORCK,

                Plaintiff,

v.

                                              OPINION and ORDER

VERA AMONDI OKELLO, WALTER STEWART,
EMILY C. CUNNINGHAM, JUDGE FRANK             22-cv-552-wmc[1]
REMINGTON, JUDGE VALERIE BAILEY RIHN, and
RHODA RICCIARDI,

                Defendants.

---

Pro se plaintiff Jesse Schworck contends that his ex-wife, two Dane County Circuit Court judges, a Dane County Court Commissioner, and an attorney violated his constitutional rights during his divorce proceedings. Because Schworck is proceeding in forma pauperis, the next step is to screen his complaint and dismiss any portion that is legally frivolous or malicious, fails to state a claim upon which relief may be granted, or asks for money damages from a defendant who by law cannot be sued for money damages. 28 U.S.C. § 1915. I am dismissing this case without prejudice for lack of subject matter jurisdiction.

ANALYSIS

Schworck is a citizen of Wisconsin. In 2013, he married defendant Vera Amondi Okello, who he also says is a citizen of Wisconsin. Schworck and Okello had a child together. Schworck says that it was a sham marriage. In June of 2019, Okello filed a petition for divorce in Dane County Circuit Court. *See Okella v. Schworck*, No. 2019FA1039. After the Dane County

---

[1] I am exercising jurisdiction over this case for purposes of this screening order only.

proceeding started, Schworck petitioned a court in Kenya to dissolve his marriage. On June 12, 2020, a Kenya court granted Schworck's petition to dissolve the marriage. In November 2020, Schworck alerted the judge presiding over the Dane County case, defendant Judge Remington, of the Kenya judgment. Judge Remington did not accept the Kenya judgment, instead entering an order dissolving the marriage that established the custody and placement of their child and set Okella's and Schworck's financial obligations.

Schworck then filed the Kenya judgment in Dane County Circuit Court. Defendant Judge Valerie Baily Rihn created a new family law case but ignored the Kenya judgment.

In September 2022, a contempt hearing in the first Dane County Case was held before defendant Rhoda Ricciardi, a court commissioner. Okella, represented by defendant Attorney Emily Cunningham, sought sanctions against Schworck. The publicly available record of that hearing shows that Riccardi found Schworck in contempt with respect to his financial obligations for their child. Schworck's appeal to the Wisconsin Court of Appeals was dismissed, and he recently filed a petition for review with the Supreme Court of Wisconsin. *See Schworck v. Circuit Court for Dane Cnty*, No. 2022AP1651.

In this court, Schworck contends that the defendants violated his constitutional rights. In addition to monetary damages, he seeks an injunction: (1) prohibiting all state agents from ignoring the Kenya judgment and (2) barring Okella from receiving any of the benefits of their marriage. In short, Schworck asks the court to unwind both the Wisconsin divorce proceedings and his marriage to Okella. But because it appears that Schworck is still challenging the judgment entered in the Dane County Case No. 2019FA1039, this court cannot address his claims. *J.B. v. Woodard*, 997 F.3d 714, 723-24 (7th Cir. 2021) (federal courts cannot adjudicate claims that bear on contested and ongoing family court custody disputes).

Ordinarily when this court abstains from exercising jurisdiction over a case involving a claim for monetary damages, the court stays the proceeding. *See Gakuba v. O'Brien*, 711 F.3d 751, 753 (7th Cir. 2013). But this court does not have jurisdiction to address Schworck's challenge to the Dane County divorce proceedings. Lower federal courts are precluded by the *Rooker-Feldman* doctrine from reviewing state-court judgments. *Harold v. Steel*, 773 F.3d 884, 885 (7th Cir. 2014). Also, under the "domestic relations exception," this court lacks the authority to issue orders that would "involve[e] the issuance of a divorce, alimony, or child custody decree," which each are exclusively governed by state law. *See Ankenbrandt v. Richards*, 504 U.S. 689, 703 (1992); *see also Struck v. Cook Cnty. Pub. Guardian*, 508 F.3d 858, 859 (7th Cir. 2007) (federal courts must refrain from exercising jurisdiction over claims that would interfere with domestic-relations issues that belong in state court). Because the relief Schworck seeks would require this court to review state court orders related to the divorce, his claims may not proceed in this court. I will dismiss this case without prejudice for lack of subject matter jurisdiction.

## ORDER

IT IS ORDERED that:

1. This case is DISMISSED without prejudice for lack of subject matter jurisdiction.
2. The clerk of court is directed to close this case.

Entered November 8, 2022.

BY THE COURT:

/s/
_____
JAMES D. PETERSON
District Judge